Todd E. Kennedy, Bar No. 6014
tkennedy@lionelsawyer.com
Ketan D. Bhirud, Bar No. 10515
kbhirud@lionelsawyer.com
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 383-8888
Facsimile: (702) 383-8845

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CML-NV CIVIC CENTER, LLC, a Florida limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>GOWAN INDUSTRIAL, L.L.C., a Nevada limited liability company; WILLIAM E. QUINN IV, as an individual and as Trustee of the The Quinn Family Trust 2006 Living Trust Agreement; REBECCA L. QUINN, as Trustee of the The Quinn Family Trust 2006 Living Trust Agreement originally dated July 28, 2006;<br><br>Defendants. | Case No.: 2:11-cv-00120-PMP -PAL<br><br>**CML-NV CIVIC CENTER, LLC'S APPLICATION FOR DEFAULT JUDGMENT AGAINST GOWAN INDUSTRIAL, L.L.C. AND FOR FRCP 54(B) CERTIFICATION OF DEFAULT JUDGMENT** |

Pursuant to Federal Rules of Civil Procedure 7(b) and 55(b) and Local Rule 77-1(b)(2), Plaintiff moves the Court to first affirmatively determine its subject matter jurisdiction of this action and then enter default judgment against Defendant Gowan Industrial, LLC ("Gowan Industrial") in the amount of $8,306,173.06, together with interest accruing at the statutory rate from the date of entry of the Default Judgment until paid in full. This figure consists of $8,295,107.88 in actual damages, $10,236.62 in attorneys' fees, and $828.56 in costs.

Plaintiff also moves the Court for an express determination that there is no just reason for delay in entry of final judgment against Gowan Industrial and for an express direction that the default judgment against Gowan Industrial be deemed a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

This Application is made on the grounds that default has been entered against Gowan Industrial, a copy of which is attached as **Exhibit 1**. In support of this Application, Plaintiff relies on the Declaration of Michael Strickland, attached as **Exhibit 2**, the Declaration of Todd Kennedy attached **Exhibit 3**, and all papers and pleadings on file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   FACTS

    A.   **Silver State Bank Loans Money to Gowan Industrial and Gowan Industrial Pledges Security for that Loan**

Pursuant to a Promissory Note dated February 14, 2007, and a Construction Loan Agreement of the same date (collectively, the "Note"), Silver State Bank extended a loan to Gowan Industrial, L.L.C. ("Gowan Industrial") in the original principal amount of $7,344,500.00 (the "Loan").[1] Pursuant to the Note, Gowan Industrial agreed to repay the Loan by making monthly payments until the maturity date of February 14, 2008, at which time the remaining principal and all accrued unpaid interest would become due. *See id.*

Pursuant to a Construction Deed of Trust dated February 14, 2007 and recorded with the Clark County Recorder's Office on or about February 21, 2007 as Instrument No. 0001883 in Book No. 20070221 (the "Deed of Trust"), Gowan Industrial pledged real property described in Exhibit A to the Deed of Trust (the "Property"), and all fixtures and improvements thereon, as security for the Loan (the "Security").[2]

Pursuant to Commercial Guarantees (the "Guarantees"), Defendants William E. Quinn IV and Rebecca L Quinn[3] personally guaranteed all of Gowan Industrial's obligations under the

---

[1] *See* Note, attached hereto as **Exhibit 2-A**.

[2] *See* Deed of Trust, attached hereto as **Exhibit 2-B**.

[3] Although the Loan was guaranteed by Defendants William E. Quinn IV and Rebecca L. Quinn, Defendants William E. Quinn IV and Rebecca L. Quinn have filed a voluntary petition for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code (Bankruptcy Petition #: 10-27614-lbr). As a result, this matter is stayed as to those Defendants. Because this matter is stayed as to those Defendants while they are in bankruptcy, Plaintiff requests the Court direct that the default judgment against Gowan Industrial be deemed a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

Loan, including repayment.[4]

Pursuant to various Change in Terms Agreements (the "Change in Terms Agreements"), Silver State Bank agreed to extend the maturity date to November 14, 2008.[5]

### B. Gowan Industrial Fails to Repay the Loan and a Sale of the Security Occurs

Gowan Industrial has failed to honor its obligations under the Note, the Deed of Trust, and the Change in Terms Agreements (collectively, the "Loan Documents"), as it has failed to repay the Loan.[6] As a result of Gowan Industrial's default, a trustee's sale of the Security was properly scheduled, noticed and held on October 18, 2010 pursuant to the Deed of Trust, where it was purchased by Plaintiff for $1,055,000 via a credit bid.[7]

### C. The FDIC Transfers the Loan to Multibank and Multibank Transfers the Loan to Plaintiff

In September of 2008, Silver State Bank was closed by the Nevada Financial Institutions Division and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as its receiver. Defendant's obligations under the Loan were then owed to the FDIC as the receiver for Silver State Bank. In February of 2010, the FDIC formed Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"), transferred the Loan to that entity, and then sold a 40% interest in Multibank to a private investor (who would serve as that entities manager).[8] In June of 2010, Multibank assigned the Loan and all related loan documents to Plaintiff, a limited liability company wholly owned by Multibank.[9]

## II. LEGAL ARGUMENT REGARDING SUBJECT MATTER JURISDICTION

### A. Plaintiff Requests That the Court Determine Its Subject Matter Jurisdiction

Plaintiff requests the Court first affirmatively determine its subject matter jurisdiction of

---

[4] *See* Guarantees, attached hereto as **Exhibit 2-C**.
[5] *See* Change in Terms Agreements, attached hereto as **Exhibit 2-D**.
[6] *See* Declaration of Michael Strickland ("Strickland Dec."), attached hereto as **Exhibit 2**.
[7] *See* Trustee's Deed Upon Sale, attached hereto as **Exhibit 2-E**.
[8] *See* Documents assigning the Loan to Multibank 2009-1 RES-ADC Venture, LLC, attached hereto as **Exhibit 2-F**.
[9] *See* Documents assigning the Loan to Plaintiff, attached hereto as **Exhibit 2-G**.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

this action because two judges of this Court have entered orders in other actions similar to this one dismissing the actions for lack of subject matter jurisdiction.[10] Reconsideration motions have been filed in both actions arguing the dismissal orders are based upon fundamental misapprehensions of law and fact, upon the grounds and for the reasons set forth below, and the Court does in fact *have* subject matter jurisdiction of these actions.

**B.  The Court Has Subject Matter Jurisdiction Based on Diversity**

Plaintiff is a limited liability company ("LLC").  In *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006), the Ninth Circuit first ruled that "an unincorporated association such as a partnership has the citizenships of all its members, " citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990), while "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated," citing 28 U.S.C. 1332 (c)(1).  In *Johnson,* the Ninth Circuit then noted that every circuit that had addressed the question at that time treated LLC's "like partnerships for the purpose of diversity jurisdiction," before joining its "sister circuits" by holding "that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson,* 437 F.3d at 899.

Plaintiff's owners/members hierarchy is as follows:

1.   Plaintiff is, and at all times relevant herein was, a Florida limited liability company which is wholly owned by its sole member Multibank 2009-1 CML-ADC Venture, LLC.
2.   Multibank 2009-1 CML-ADC Venture, LLC is, and at all times relevant herein was, a Delaware limited liability company comprised of two members for purposes of diversity jurisdiction: (1) RL CML 2009-1 Investments, LLC; and (2) the Federal Deposit Insurance Corporation.
    a.   RL CML 2009-1 Investments, LLC is a Delaware limited liability company comprised of only one member: RL CML 2009-1, LLC.
        i.   RL CML 2009-1, LLC is a Delaware limited liability company comprised of two members: (1) Rialto RL CML 2009-1, LLC; and (2) Lennar Distressed Investments, LLC.
            a.   Rialto RL CML 2009-1, LLC is a Delaware limited liability company comprised of only one member: Rialto Capital Holdings, LLC.
                i.   Rialto Capital Holdings, LLC is a Delaware limited liability company comprised of only one member:

---

[10] See *RES-NV TVL, LLC v. Towne Vistas, LLC et. al.,* 2:10-CV-1084 JCM (PAL), Dkt # 71; *RES-NV APC, LLC v. Astoria Pearl Creel, LLC et. al.,* 2-11-CV-00381 LDG (RJJ), Dkt. #32.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

Rialto Capital Management, LLC.
    1. Rialto Capital Management, LLC is a Delaware limited liability company comprised of only one member: Jeffrey Krasnoff.
        a. Jeffrey Krasnoff is an individual residing in the state of Florida.
    b. Lennar Distressed Investments, LLC is a Delaware limited liability company comprised of only one member: Lennar Corporation.
        i. Lennar Corporation is a Delaware corporation with its principal place of business in Florida.
  b. The Federal Deposit Insurance Corporation is a federally chartered corporation with its principal place of business in Washington, D.C.

Thus, applying Johnson at every level of Plaintiff's hierarchy results in Plaintiff being a citizen of the states of Delaware and Florida except, arguably, that the FDIC is a federally chartered corporation with its principal place of business in the District of Columbia.[11]

In *Hancock Financial Corp. v. Federal Sav. and Loan Ins. Co.*, 492, F.2d 1325, 1329 (9th Cir. 1974), the Ninth Circuit held that a federally chartered corporation "is not a citizen of any particular state for diversity purposes." *Id.* *Hancock*, in turn, relies on the reasoning in *Federal Deposit Ins. Corp. ("FDIC") v. National Surety Corp.*, 345 F.Supp 885 (S.D. Iowa 1972) where the court recognized there was "some merit" to the argument that the FDIC was a citizen of the District of Columbia—treated as a state under 28 U.S.C. §1332(e)—because of its principal place of business being located there, *National Surety* at 887, but rejected that conclusion as inconsistent with the ***then-existing*** Congressional intent to limit federal court jurisdiction as reflected in statutes limiting federal question jurisdiction for federally-chartered corporations. *See Hancock*, 492 F.2d at 1329, (quoting *National Surety*, 345 F.Supp. at 888).

However, since *Hancock* and *National Surety,* Congressional intent regarding the FDIC and federal courts has completely reversed itself with the enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), giving the FDIC ***in any capacity*** the choice to invoke federal question jurisdiction for actions such as this one. *See, e.g. Kirkbride*

---

[11] The Complaint details the ownership structure of Plaintiff but mistakenly identifies the FDIC as being incorporated in Delaware. Notwithstanding the FDIC's partial ownership of an LLC which, in turn, owns the Plaintiff, all persons or entities in the Plaintiff's ownership structure other than the FDIC are diverse from Defendants and there is no question that the FDIC is ***not*** a citizen of the same state as any of the Defendants.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

*v. Continental Cas. Co.*, 933 F.2d 729, 731-32 (9th Cir. 1991) (FIRREA evidences Congressional "desire that cases involving FDIC should generally be heard and decided by the federal courts."). Furthermore, the Supreme Court has quite recently reconfirmed the importance of a corporation's state of incorporation and principal place of business in jurisdictional determinations. *See Goodyear Dunlop Tires Operations v. Brown*, __ U.S. ___, 131 S.Ct. 2846, 2853-54 (2011). Thus, Congressional and judicial developments since *Hancock* completely undermine its statement that federally-chartered corporations have no state citizenship for diversity purposes insofar as the FDIC is concerned given its principal place of business in Washington, D.C.

Additionally, under *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), plaintiff is a citizen of Florida and Delaware, by virtue of the membership structure of the private party member of plaintiff's parent LLC. As discussed above, subsequent Congressional and judicial developments have completely undermined the Ninth Circuit's basis for *Hancock's* statement that federally-chartered corporations have no state citizenship with respect to the FDIC, but even if it remained true today, it would ***not*** defeat diversity jurisdiction here. Plaintiff simply ***cannot*** be a citizen of Florida and Delaware and of "no particular state" at the same time. Complete diversity requires that each ***party*** be diverse from all other adverse ***parties***; it does ***not*** require that one choosing to invoke diversity jurisdiction negate the existence of a ***nonparty*** in a party's hierarchy whose presence in the action would destroy diversity to satisfy the complete diversity requirement. *See Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005). Moreover, even a "stateless" party need not always defeat diversity jurisdiction; in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), the Supreme Court upheld the authority of federal district and appellate courts to ***dismiss*** a dispensable "stateless" party to preserve diversity jurisdiction. If federal courts can dismiss a dispensable "stateless" party, then the Court certainly can disregard—or treat as nominal—an allegedly stateless ***nonparty***, at least so long as doing so does not deprive the plaintiff LLC of all state citizenships. *See e.g. FDIC v. Linquist & Vennum*, 702 F.Supp 749, 750-51 (D. Minn. 1989) (FDIC's citizenship could be ignored for diversity jurisdiction purposes).

The Court's decisions dismissing actions such as this one for lack of subject matter

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

jurisdiction rely on *Hancock's* statement that a federally-chartered corporation "is not a citizen of any particular state for diversity purposes." 492 F.2d at 1329. However, that statement is no longer authoritative for the FDIC, given the complete reversal of Congressional intent regarding the FDIC and federal courts and the FDIC's principal place of business in Washington D.C. Moreover, since plaintiff is a citizen of Florida and Delaware, the allegedly "stateless" status of the FDIC—a nonparty to this action—need not defeat diversity jurisdiction under Ninth Circuit law.

> 1. **Permitting Plaintiff to Invoke Diversity Jurisdiction Based on the FDIC's Principle Place of Business No Longer Conflicts with Current Congressional and Judicial Intent Regarding Federal Court Jurisdiction of Matters Involving the FDIC**

As noted, in *Hancock*, the Ninth Circuit relied on the reasoning in *National Surety* in rejecting the decisions recognizing that, as a federally chartered corporation, the FDIC is a citizen of the District of Columbia, the locus of its principal place of business, for diversity purposes. However, in *National Surety*, the court found "some merit to the argument that the FDIC has a principal place of business in Washington, D.C. and could be considered a citizen of the District of Columbia under Title 28 U.S.C. Section 1332(c) which provides that " . . . a corporation shall be deemed a citizen of any State by which it has been incorporated and of the state where it has ***principal*** place of business) (Emphasis added.)," 345 F.Supp. at 887, but rejected that conclusion with the following observations (*quoted in Hancock*, 492 F.2d at 1329):

> If federal corporations whose principal place of business is located in the District of Columbia were to be considered citizens of that District, diversity jurisdiction would be expanded to almost all suits involving federally chartered corporations. This would be a result not intended by Congress. Before 1948 all suits by or against any federally chartered corporation were deemed to involve a federal question. In 1948 *Title 28 U.S.C., Section 1349* was passed by Congress providing that a federal question is involved only in suits where over one-half of the stock of the federal corporation is owned by the United States. This Congressional attempt to limit federal court jurisdiction would be nullified by defendant's interpretation of diversity jurisdiction which would give federal jurisdiction to almost all suits involving federally chartered corporations.

*Id.* at 1329 (quoting *National Surety*, 345 F.Supp. at 888). In *National Surety*, the court

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

continued: "Without clearer authority, this court declines to expand its jurisdiction into this new area." 345 F.Supp. at 888.

Since *Hancock* and *National Surety*, however, Congress has completely reversed course once again with respect to the FDIC, enacting the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), allowing the FDIC "[t]o sue and be sued, and complain and defend, by and through its own attorneys, in any court of law or equity, State or Federal" and providing that *"all suits of a civil nature* at common law or in equity to which the [FDIC] *in any capacity, is a party* shall be deemed to arise under the laws of the United States." *See* 12 USC § 1819(a) and (b)(2)(A) (emphasis added). Courts have widely respected this mandate and recognized Congress' desire that cases involving the FDIC be able to be heard and decided by the federal courts. *See, e.g. FDIC v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991) (allowing federal jurisdiction even when the FDIC has been voluntarily dismissed as a party), *cert. denied*, 502 U.S. 1092 (1992).

The Ninth Circuit echoed this view of the breadth of the FDIC's place in federal court. In *Kirkbride v. Cont'l Casualty Co.*, 933 F.2d 729, 731 (9th Cir 1991) the Ninth Circuit stated: "We reaffirm that the grant of subject mater jurisdiction contained in FDIC's removal statute evidences Congress' desire that cases involving FDIC should generally be heard and decided by the federal courts") (citations omitted). *In Matter of Meyerland Co.*, the court stated:

> The power conferred by FIRREA to invoke federal jurisdiction and to remove from state court is substantial … Access to federal courts in all actions to which it is a party allows the FDIC to develop and rely on a national and uniform body of law, consistent with eliminating the problems identified by Congress in having less rigorous state standards coexisting with federal ones.

960 F.2d 512, 515 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 967 (Jan. 11, 1993). Indeed, this grant of jurisdiction is so strong that courts have held that even "the transfer of assets by FDIC to a private third party does not divest the court of subject matter jurisdiction under Section 1819" and that federal courts continue to have original jurisdiction even after the FDIC has been dismissed. *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 100-01 (2d Cir. 1999). *Accord. FDIC v. Griffin, supra; see also, Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (at least

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

federal supplemental jurisdiction remains after FDIC dismissal); *New Rock Asset Partners LP v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1494-95 (3d Cir. 1996) (same).

Finally, the complete reversal of Congressional intent regarding the FDIC and federal courts is not the only relevant change in viewpoints. Quite recently the Supreme Court significantly altered its viewpoint regarding the importance of where a corporation is "at home," referencing domicile, state of incorporation, and principal placed of business, in holding that general jurisdiction for actions against a corporation could not be based on continuous activity in a state unrelated to the claim alleged that did not reflect the corporation being "at home" in that state. See *Goodyear Dunlop Tires Operation v. Brown*, ___ U.S. ___, 131 S.Ct. 2846, 2853-54, 2857 (2011). Obviously, the issue here is different, but the Supreme Court's noticeable shift from a "minimum contacts" approach to one focusing on where a party is "at home," referencing state of incorporation and principal place of business for corporations, provides added support for recognizing that the language in *Hancock* is no longer authoritative with respect to the FDIC.

*Hancock* involved the Federal Savings and Loan Insurance Corporation, **not** the FDIC. Thus, this Court is not bound by *Hancock's* statements regarding federally-chartered corporations not being a citizen of any particular state for diversity purposes with respect to the FDIC, given the complete reversal of Congressional intent regarding the FDIC with the enactment of FIRREA, and the District of Columbia being the location of the FDIC's principal place of business, given the Supreme Court's quite recent emphasis on a corporation's state of incorporation and principal place of business for jurisdictional determinations.

    2. **The FDIC's Allegedly "Stateless" Status Does Not Defeat Complete Diversity Here Because Plaintiff Is an LLC That Is a Citizen of Florida and Delaware and The FDIC Is Not a Party to This Action**

In *Hancock*, *National Surety* and the other cases rejecting diversity jurisdiction based on a federally chartered corporation's allegedly "stateless" status, the federally-chartered corporation was a party to the action. 28 U.S.C. §1332 requires, in relevant part, an action "between . . . citizens of different states" for diversity jurisdiction, and the statutory complete diversity requirement, *i.e.* that every party must be diverse from every other adverse party, means that an action with a "stateless" FDIC as a party would not be between "citizens of different states."

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

Here, however, the FDIC is *not* a party to this action; its sole relationship to the issue now before the Court is that it is one of *two* members of the LLC that is the sole member of plaintiff. In *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), the Ninth Circuit held that "an LLC is a citizen of every state of which its owners/members are citizens." *Id.* Thus, even if the FDIC is "stateless," plaintiff is *not* "stateless," because plaintiff is a citizen of Florida and Delaware, based on the citizenship of the private-party member of its "parent" LLC, as determined under *Johnson*.

Nevertheless, one of the adverse decisions asserts that the FDIC's "stateless" status defeats complete diversity here even though the FDIC is *not* a party to this action, citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008) and *ISI International, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003). Obviously, *Swiger* and *ISI International* are *not* the law of this circuit, and *neither* case involved an LLC, giving rise to at least two critical distinctions that, if the holdings of those two cases were to be applied to LLC's, would be inconsistent with the law of this circuit regarding LLC's as established in *Johnson*. Specifically, *Swiger* and *ISI International* both involve partnerships—*not* LLC's—with "stateless" individuals who were United States citizens but domiciled *outside* the United States, *not* a federally-chartered corporation that has its principal place of business in the District of Columbia.[12]

In *Swiger*, the Third Circuit rejected the argument that a partnership with both "stateless" partners and partners with state citizenship was a citizen of the latter states, asserting that a partnership is not a "citizen" at all and thus the partnership was "not an American citizen" and had "no domicile in any state." *Id*, 540 F.3d at 181-82. While that may be true for partnerships under *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990); *but see, Schnabel v. Lui*, 302 F.3d 1023, 1030 n.3 (9th Cir. 2002) ("... a partnership is a citizen of every state of which its partners are citizens," citing *Carden*), the Supreme Court has yet to address the question with

---

[12] The sole relevance of *ISI International* to the issue here consists of a single sentence parenthetical in the Seventh Circuit's opinion that identifies these distinctions but otherwise provides no rationale for its conclusion. *See Id.*, 16 F.3d at 733 ("One of Scott & Aylen's partners is a U.S. citizen domiciled in Canada; she has no state citizenship, so the diversity jurisdiction is unavailable."). Consequently, plaintiff will focus its discussion of the issue here on the Third Circuit's opinion in *Swiger*.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

respect to a LLC, and the Ninth Circuit's decision in *Johnson* reflects a significantly ***different*** reading of *Carden*, at least insofar as it might apply to LLC's. In *Johnson*, the Ninth Circuit read *Carden* as "treating a limited partnership as having the citizenship of all its members" and then went on to "join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899.

The differences between partnerships and LLC's are real and substantial and amply justify the Ninth Circuit's decision in *Johnson* to treat LLC's like partnerships insofar as determining ***diversity*** jurisdiction is concerned while holding that an LLC is a citizen of ***every*** state of which its owners/members are citizens despite *Swiger* and other decisions from other circuits asserting that partnerships are not citizens at all and thus cannot be citizens of any state for diversity jurisdiction purposes. *See* Debra R. Cohen, *Limited Liability Company Citizenships: Reconsidering An Illogical and Inconsistent Choice*, 90 Marquette L. Rev. 269 (2006). As this Court has expressed it:

> An LLC is a relatively new hybrid business entity that has the characteristics of both a corporation and a partnership, but is not characterized as either. While LLCs offer members the same protection from personal liability as corporations offer their shareholders, unless otherwise indicated, LLCs are generally treated as partnerships for tax purposes. One commentator has stated that an LLC borrows from a partnership the characteristics of informal operation, internal governance by contract, direct participation by members, and no taxation at the entity level. From a corporation, an LLC borrows the characteristics of member protection from personal liability, the requirement that organizers file articles of organization with the secretary of state, a corporate form of governance if the LLC elects to be governed by managers, and an operating agreement analogous to corporate bylaws. An LLC has an existence separate from its members and managers.

*Montgomery v. eTrepped Technologies, LLC*, 548 F. Supp. 2d 1175, 1179 (D. Nev. 2008) (recognizing that federal and state courts have consistently applied the law of corporations to LLCs for piercing the corporate veil, the "alter ego" doctrine, the "business judgment rule," and derivative actions, while treating LLC's, partnerships and limited partnerships as corporations for the attorney-client privilege); see also, *In re Giampietro*, 317 B.R. 841, 845-47 (D. Nev 2004) (treating an LLC as a corporation for the "alter ego" doctrine). Moreover, partnerships require at least two members, while LLC's can be formed with only one member, and like corporate

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

shareholders, LLC members are not subject to personal liability, while general partners have personal liability and each partner, not the partnerships, is personally liable for the debts of the partnerships. Compare NRS Chapters 78, 86, and 87.

Thus, insofar as *Johnson* treats LLC's like partnerships for determining citizenship but then ***differs*** from the treatment of partnerships in cases like *Swiger* in other circuits by holding that LLC's ***have*** state citizenship(s), the difference in treatment is amply justified by the hybrid nature of LLC's, making them like partnerships in ***some*** ways, but ***unlike*** partnerships in that "[a]n LLC has an existence separate from its members and managers."[13] *Montgomery*, 548 F. Supp. at 1179.

This distinction between LLC's, which have state citizenship(s) under *Johnson*, and partnerships, which—at least under *Carden*, *Swiger*, and *ISI International*—are ***not*** citizens at all and thus ***cannot*** have state citizenships, may not be significant in many (if not most) cases since—as recognized in *Johnson*—diversity jurisdiction is determined in the same way for both. However, this distinction is critical in cases like this one, where the allegedly "stateless" entity is ***not*** an individual United States citizen domiciled ***outside*** the United States, but a federally-chartered corporation with its principal place of business in the District of Columbia. In *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005), the Supreme Court first reaffirmed that partnerships are not "citizens" at all under *Carden*, 546 U.S. 84, n.1, but then held that where a party to the

---

[13] Notably, the Fourth, Sixth, Tenth and Eleventh Circuits, without much discussion, have applied the corporate entity approach of §1332(c) to determine the citizenship of an LLC. In explaining the invocation of diversity, the Tenth Circuit for example indicated after citing §1332(c), "[i]t is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas.'" *Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc.*, 415 F.3d 1158, 1162 (10th Cir. 2005). *See also Kalamazoo Acquisitions, LLC v. Westfield Insurance Co.*, 395 F.3d 338, 341, n.5 (6th Cir. 2005) (invoking diversity jurisdiction after considering the plaintiff LLC's principal place of business); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1237 (11th Cir. 2005); *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1280 (11th Cir. 2006); and *Strong Pharm. Lab., LLC v. Trademark Cosmetics, Inc.*, No. RDB 05-3427, 2006 WL 2033138, at *1 (D. Md. July 17, 2006). Additionally, the issue remains undecided in at least the First and Fifth Circuits and neither the Third Circuit nor the D.C. Circuit has addressed the issue. And last, but certainly not least, the Supreme Court has not yet voiced an opinion on how to determine the citizenship of an LLC for purposes of diversity jurisdiction. *See Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("Neither the Supreme Court nor this circuit has yet directly addressed whether that rule also applies to limited liability companies.")

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

action *has* state citizenship(s) based on its state of incorporation and principal place of business, one need *not* negate the existence of *nonparties* (including partners) in the party's hierarchy whose presence in the action would defeat diversity jurisdiction to satisfy the complete diversity requirement. 546 U.S. at 88-90, 93-94. Here, Plaintiff is a citizen of Florida and Delaware, and the FDIC is a federally-chartered corporation with its principal place of business in the District of Columbia, but the FDIC is *not* a party to this action.

Moreover, in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 86 (1989), the Supreme Court reaffirmed the authority of federal district and appellate courts to *dismiss* a dispensable "stateless" party to preserve diversity jurisdiction. *See, also, Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498, 500 (9th Cir. 1981) (affirming dismissal of two individuals sued in their official capacities as members of the Fort Mojave Tribal Council to preserve diversity). If the Court can dismiss a dispensable "stateless" *party* to preserve diversity jurisdiction, then the Court certainly can disregard—or treat as "nominal"—an allegedly "stateless" *nonparty*, at least so long as doing so does not deprive the plaintiff LLC of diverse state citizenships under *Johnson*. *See, e.g. FDIC v. Lindquist v. Vennum*, 702 F.Supp. 749, 750-51 (D. Minn. 1989) (FDIC's citizenship could be ignored for diversity jurisdiction purposes); *see also, Kuntz v. Lamar Corporation*, 385 F.3d 1177 (9th Cir. 2004) (electric cooperative, and not the cooperative's individual members, was real party in interest for diversity jurisdiction purposes).

Thus, the Court is not deprived of diversity jurisdiction here because, unlike *Swiger* and *ISI International*, the FDIC is a federally-chartered corporation that has its principal place of business in the District of Columbia and is *not* a party to this action, while plaintiff is a LLC that *is* a citizen of the states of Florida and Delaware under *Johnson*, giving the Court diversity jurisdiction of this action.

### 3. The Court Should Disregard the FDIC for Purposes of Diversity

Nevada and other federal courts have carved out exceptions in various circumstances for the citizenship of parties. *See Roskind v. Emigh*, 2007 WL 981725, *2-3 (D. Nev. April 2, 2007) (citizenship of limited liability company was not considered for diversity where it was a nominal party only present in the lawsuit to allow members to effectuate relief sought in connection with

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

the dissolution and distribution of the company's assets); *Mallia v. Painewebber, Inc.*, 889 F.Supp. 277, 283 (S.D. Tex. 1995) (citizenship of limited partnerships disregarded for diversity when partners' claims of securities fraud were not a derivative lawsuit but were directly against the general partners).

It is well-established that federal jurisdiction is not ousted by nominal parties. Nominal parties are parties who are present in the litigation for technical reasons but who do not otherwise have a significant interest in the litigation. When analyzing complete diversity, courts ignore the citizenship of nominal parties for diversity jurisdiction purposes. *See, e.g., Roskind.* So, as in this case, when an LLC is composed of an LLC, which is composed of a private party LLC and the FDIC—all of which are indisputably ***not*** citizens of the same state as any Defendant—considering the citizenship of a federal agency such as the FDIC (*see* 28 U.S.C. § 1345 and 12 U.S.C. §1819(b)(1)) in the analysis of complete diversity is the equivalent of including the citizenship of a nominal party, particularly in light of the fact that the FDIC is a non-managing member of an up-stream LLC in the plaintiff's hierarchy and the FDIC is the one party where Congress has clearly expressed its current intent to open the federal courts where its interests are at stake.

Additionally, the FDIC's citizenship has been ignored when determining diversity jurisdiction where the FDIC was ***the plaintiff*** bringing the case, therefore the district court can ignore the FDIC's citizenship as a member of Multibank here, since it is not even a party to the action. *See FDIC v. Linquist & Vennum*, 702 F.Supp. 749, 750-51 (D. Minn. 1989) (holding, when acting as receiver, the FDIC's citizenship can be ignored for purposes of diversity jurisdiction); *see also FDIC v. Elefant*, 790 F.2d 661, 666 (7th Cir. 1986) (stating in dicta that there is no reason to think that Congress demanded that the claims properly in federal court ***without regard to the FDIC*** be sent to state courts). Indeed, nothing in 28 U.S.C. 1332(a) prevents this Court from exercising diversity jurisdiction even if it were to find that the FDIC remains a citizen of no state since Plaintiff is a citizen of Delaware and Florida. It makes no sense to use the alleged statelessness of the FDIC to deny jurisdiction when Congress has otherwise made it clear federal jurisdiction over the FDIC in such cases is appropriate.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

This Court should disregard the FDIC membership in Multibank for the purposes of determining diversity jurisdiction. Alternatively, if the FDIC is involved in this matter "in any capacity," then the Court has jurisdiction of this action under 28 U.S.C. § 1345 (giving the federal district court original jurisdiction of civil action commenced by agencies of the United States and 12 U.S.C. §1819(b)(1) (now making the FDIC "in any capacity" an agency of the United States for purposes of 12 U.S.C. §1345, without regard to whether the FDIC commenced the action). *Cf. FDIC v. Sweeney*, 136 F.3d 216, 218 (1st Cir. 1998).

It is also indisputable that had the FDIC itself brought these same claims as a party, subject matter jurisdiction based on federal question would exist under 12 U.S.C. § 1819(4). *See FDIC v. Braemoor Assocs.*, 686 F.2d 550 (7th Cir. 1982), *cert. denied*, 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed.2d 297 (1983) (where the FDIC acquired the loan for value and sues as the creditor, the court had federal question jurisdiction under §1819(4)). Thus, if the FDIC were the named party instead of a member of the limited liability company that initiated this litigation, the district court would have federal question jurisdiction. Similarly, if the plaintiff entity were a state chartered corporation of which the FDIC was a shareholder/owner, there would be no question but that the entity jurisdiction of the corporation would apply to determine diversity jurisdiction. The FDIC's status as a federally chartered corporation with an interest in the outcome would be irrelevant to the jurisdictional question.

It is illogical to argue this Court lacks subject matter jurisdiction over the same cause of action only in the present scenario, that is, that there is no jurisdiction where the FDIC is a member of an LLC which is a party, but this Court has subject matter jurisdiction when the FDIC is a party itself, or is a shareholder of a corporation which is a party, or "in any capacity" is involved in this action. In every circumstance, the claim is essentially the same. Therefore, the Court has jurisdiction of this matter because: (1) under *Johnson*, the Plaintiff has diverse state citizenships (Delaware and Florida); (2) Congressional intent no longer prevents Plaintiff from invoking diversity jurisdiction based on the FDIC's principal place of business; (3) the FDIC is not a party to this action, hence, the FDIC can be disregarded or treated as "nominal" for diversity jurisdiction purposes; and (4) alternatively, if the FDIC's "in any capacity" is involved

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

in this action, then the Court has federal jurisdiction under 12 U.S.C. § 1819(b)(1) and 28 U.S.C. §1345.

## III. ARGUMENT REGARDING DEFAULT JUDGMENT

### A. Legal Standard for a Default Judgment

Federal Rule of Civil Procedure 55(b) permits a court, following default by a defendant, to enter default judgment in plaintiff's favor. *See Playboy Enters. Int"l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1038–39 (D. Nev. 2004); *RingCentral, Inc. v. Quimby*, 711 F. Supp. 2d 1048, 1057 (N.D. Cal. 2010) ("Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action."). "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). A district court has discretion to grant relief upon an application for default judgment. *See* Fed. R. Civ. P. 55(b), *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon entry of default, the Complaint's factual allegations regarding liability are taken as true; only the allegations regarding the amount of damages must be proven. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### B. Plaintiff Is Entitled to a Deficiency Judgment Against Gowan Industrial

NRS 40.455 provides:

> Except as otherwise provided in subsection 3, **upon application of the judgment creditor** or the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the required hearing, **the court shall award a deficiency judgment to the judgment creditor** or the beneficiary of the deed of trust **if it appears from** the sheriff's return or the recital of consideration in **the trustee's deed that there is a deficiency of the proceeds of the sale** and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust, respectively.

*See* NRS 40.455 (emphasis added).

The Trustee's Deed Upon Sale shows that the Security sold for $1,055,000.[14] As of

---

[14] *See* Trustee's Deed Upon Sale.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

December 22, 2011, Defendant owed a total of $9,350,107.88 under the Loan Documents, which represents the principal and interest due and owing.[15] After offsetting the amount due and owing by $1,055,000 (the amount for which the Security was sold), Plaintiff is entitled to a deficiency judgment in the amount of $8,295,107.88.[16]

### C.   Plaintiff Is Entitled to Recover Its Attorney's Fees and Costs of Suit

Attorneys' fees are recoverable when such an award is authorized by a statute, rule or contractual provision. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. Adv. Rep. 37, 132 P.3d 1022, 1028. Here, Plaintiff is entitled to recover its attorneys fees pursuant to contract (the Note). The Note contains a specific provision allowing Plaintiff to obtain an award for its attorneys' fees and costs. Specifically, the Contract, at the section titled, "Attorneys' Fees; Expenses" states:

> Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

*See* Note, p. 2. Accordingly, Plaintiff is now entitled to recover its attorneys' fees and costs of suit because it has been required to bring suit to collect on the Note.

To date, Plaintiff has incurred $10,236.62 in attorneys' fees and $828.56 in costs in this matter in an attempt to collect the debt owed by Defendant.[17]

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) determine that it has subject matter jurisdiction; (2) enter default judgment against Gowan Industrial in the amount of $8,306,173.06, together with interest accruing at the statutory rate from the date of entry of the Default Judgment until paid in full; and (3) expressly determine that that there is no

---

[15] *See* Strickland Dec.

[16] *See id.*

[17] *See* Declaration of Todd Kennedy, attached hereto as **Exhibit 3**.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

1  just reason for delay in entry of final judgment against Gowan Industrial and expressly direct that
2  the default judgment against Gowan Industrial be deemed a final judgment pursuant to Federal
3  Rule of Civil Procedure 54(b).

LIONEL SAWYER & COLLINS

By: /s/ Ketan D. Bhirud
Todd E. Kennedy, Bar No. 6014
Ketan D. Bhirud, Bar No. 10515

Attorneys for Plaintiff

**IT IS SO ORDERED.**

DATED: December 23, 2011

_____
UNITED STATES DISTRICT JUDGE

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101